IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
03 SEP 29 AM 10:19
U.S. D...
N.D. OF ALABAMA

| | |
|---|---|
| **LARRY EARL MILLER,**<br><br>    Plaintiff,<br><br>vs.<br><br>**MIKE HALEY,** Commissioner, individually and in his official capacity; **RALPH HOOKS,** Warden, individually and in his official capacity; **ARCHIE GARRETT,** Deputy Warden, individually and in his official capacity; and **BOYD KELLY DERRICK,** Mail Clerk, individually and in his official capacity,<br><br>    Defendants. | Case Number<br>CV 02-C-434-M<br><br>**ENTERED**<br>SEP 29 2003 |

### MEMORANDUM OPINION DENYING MOTION FOR SUMMARY JUDGMENT

The undisputed material facts in this case are exceedingly simple, on Defendant's motion for summary judgment. If anyone is entitled to summary judgment on those facts, it is the Plaintiff, not the Defendant.

A "Larry Earl Miller" was indicted by the Coffee County Grand Jury in September of 1990 for, *inter alia*, first degree rape, first degree robbery, and burglary. Exhibit "G," Affidavit of Plaintiff. The case was processed as "State of Alabama v. Larry Earl Miller, CC 90 1970-170D." Case Action Summary Sheet. On June 17, 1991, the same "Larry Earl Miller" was sentenced to life imprisonment without parole for rape, robbery, and burglary, and life imprisonment for second degree kidnaping. *Id.* Plaintiff's life imprisonment in the state penitentiary thus commenced.

At various times since his continuing imprisonment, Plaintiff and others in the prison system have referred to him as "Larry Evans." But all of the court orders, state and federal, have consistently addressed Plaintiff as "Larry Earl Miller."

34

On December 3, 1991, the Alabama Department of Corrections ("DOC") recognized the problem of the dual references to Larry Earl Miller. It decided that while Miller would serve his sentence under the name of Larry Evans, "[h]e has been sufficiently cross referenced to ensure ***any documents*** received under **either name** will be accurately recorded." Exhibit A, December 3, 1991, Memo from Roger L Littleton, Assistant Director of Central Records to L. Dark-Bishop, Classification Specialist, Saint Clair Correctional Facility ("St. Clair"). (emphasis added)

Since 1991, correspondence addressed to Larry Earl Miller at St Clair have been returned to the sender. Correspondence from the federal courts, including dispositive orders, have not been delivered to him but rather returned to the courts.

On August 31, 2000, Steve Dees, Warden of St Clair, adopted a "DUAL NAMES (AKA Policy)." The purpose of this policy is "to establish guidelines concerning inmates that have legally changed their committed names to religious names, etc., per Court Orders." The "Dual Names" Policy is "defined:" "An inmate which has legally changed his committed name to a religious name is required to use dual names. (Example: Kareen/Ali/John Doe)."

The undisputed facts, viewed in a light most favorable to the Plaintiff, clearly show that his access to this and other courts has been egregiously denied by the Defendants. The Defendants, on their own, implicitly committed to receiving and delivering to Plaintiff any mail addressed to him as Larry Earl Miller. Yet they did precisely the opposite - and it apparently made no difference to them that the mail came from the federal courts. While prison officials have broad discretion, they simply may not be so arbitrary and capricious as to deny to an inmate properly addressed judicial mail because the inmate has failed to comply with an inapplicable policy.

The "Dual Names" policy is by its terms applicable to inmates who have changed their names after being converted to Islam or some other religion. Defendant's reliance on that policy in this case borders on the frivolous - for certainly there are no religious overtones in Plaintiff's

insistence that he receive judicial mail addressed to him by the name under which he was convicted and sentenced to the prison.

This judge commends, rather than condemns, his persistent.

By separate order, the Magistrate Judge's Report and Recommendation will be rejected. The Defendant's motion for summary judgment will be denied.

On its own motion, the Court will reconsider its order dismissing the warden as a party defendant.

Done this 27th day of September, 2003.

_____
Chief United States District Judge
U. W. Clemon