# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **LARRY EARL MILLER,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | 4:02-CV-0434-RDP |
| | } | |
| **RALPH HOOKS and BOYD KELLY DERRICK,** | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

On February 20, 2002, Plaintiff Larry Earl Miller filed a complaint against several officials connected with the St. Clair Correctional Facility ("St. Clair") alleging that, pursuant to 42 U.S.C. § 1983, they unlawfully interfered with his prison mail, causing him to lose the ability to appeal the denial of a habeas corpus petition and depriving him of access to court. For the reasons outlined below, this court finds that both remaining defendants, Ralph Hooks and Boyd Kelly Derrick, are due to be dismissed. Before moving to the court's analysis, however, a brief procedural history of the case is necessary to set forth the issues presently before the court.

**I.    Procedural History**

On February 20, 2002, Plaintiff filed a *pro se* complaint naming as defendants Prison Commissioner Mike Haley, Warden Ralph Hooks, Deputy Warden Archie Garrett, and Boyd Derrick, a mail clerk. (Doc. # 1). The case originally was assigned to The Late Judge Edwin L. Nelson. On July 16, 2002, Judge Nelson dismissed all claims against Haley, Hooks, and Garrett, leaving only Derrick as a defendant. (Doc. # 15). On August 29, 2002, Derrick filed a "Special Report," which this court treated as a motion for summary judgment. (Docs. # 19, 20).

Subsequently, Magistrate Judge John E. Ott filed a report and recommendation recommending that Derrick's motion for summary judgment be granted. (Doc. # 31). This case was reassigned to Chief Judge U.W. Clemon, and by order dated September 29, 2003, Judge Clemon rejected Judge Ott's report and recommendation and denied the motion for summary judgment. (Doc. # 35). Judge Clemon also reinstated Plaintiff's claims against Defendant Hooks. (Doc. # 35).

On December 29, 2004, this case was again reassigned. Judge Robert B. Propst ordered Plaintiff's appointed attorney to show cause why the report and recommendation of Judge Ott should not be adopted. (Doc. # 46). Plaintiff filed a response to the report and recommendation on March 23, 2005. (Doc. # 48). Subsequently on April 13, 2005, this case was reassigned to the undersigned.

Two matters are currently before the court. First, given Judge Propst's invitation to revisit the September 29, 2003 denial of Derrick's motion for summary judgment, this court considers anew the report and recommendation of Judge Ott on this motion. For the reasons outlined below, the court vacates the earlier denial of summary judgment, accepts the magistrate judge's report and recommendation, and grants summary judgment in favor of Derrick. Second, the court revisits the September 29, 2003 reinstatement of the claims against Hooks and finds that the reinstatement order is due to be vacated and all claims against Hooks dismissed again.

**II.    Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for

its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

**III.    Relevant Undisputed Facts**

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, this court is of the opinion that the factual findings in the magistrate judge's report sufficiently summarize the facts of this case and are due to be adopted by this court.

**IV.    Applicable Substantive Law and Discussion**

    **A.    Claim Against Defendant Boyd Derrick**

Plaintiff's § 1983 claim against Derrick – that he interfered with prison legal mail which resulted in a deprivation of Plaintiff's access to court – implicates the First and Fourteenth Amendments. *See Davis v. Goord*, 320 F.3d 346, 350-52 (2nd Cir. 2003)(noting that the *pro se*

plaintiff's complaint must be construed with "particular generosity"). Plaintiff alleges that Derrick neglected to deliver Plaintiff's legal mail, including information that allegedly would have allowed Plaintiff to appeal the disposition of his habeas corpus petition, and instead returned that mail to sender. (Doc. # 1, at 3b). Plaintiff believes that his mail was returned because Derrick "refused to acknowledge me as Larry Earl Miller." (Doc. # 22). It is undisputed that the Department of Corrections' inmate roster officially listed Plaintiff as "Larry Evans." (Doc. # 21, Ex. D).

St. Clair has in place a "Dual Names" policy which "establish[es] guidelines concerning inmates that have legally changed their committed names to religious names, etc., per Court Orders." (Doc. # 28, Ex. 10, at 1). Any inmate who has legally changed his name must have his dual name listed on "[a]ll incoming and outgoing mail." (Doc. # 28, Ex. 10, at 1). Derrick maintains that Plaintiff was "reminded on numerous occasions to use the Department of Corrections dual name system in all correspondence . . . [which would have] avoid[ed] this type [of] problem." (Doc. # 19, Ex. A, at 1-2).

The magistrate judge, in his report and recommendation, found that (1) under the First Amendment, St. Clair's Dual Names policy passes constitutional muster because it is reasonable under the four factors articulated by *Turner v. Safley*; 482 U.S. 78, 89 (1987); and (2) under the Fourteenth Amendment due process standards set forth in *Bounds v. Smith*, 430 U.S. 817 (1977) and *Lewis v. Casey*, 518 U.S. 343 (1996), Plaintiff's rights were not violated because Plaintiff was afforded some reasonable means by which he might bring his legal claims before the courts.

Having carefully reviewed *de novo* the summary judgment materials submitted by the parties, the magistrate judge's report and recommendation, and the objections thereto, the court agrees with the magistrate judge's conclusions of law and concurs that Derrick's motion for summary judgment

4

is due to be granted because the Dual Names policy is constitutional as written and in its application to Plaintiff. Thus, the court adopts the magistrate judge's conclusions of law in that regard. Additionally, the court finds that Derrick's motion for summary judgment is due to be granted for additional reasons, as outlined below.

First, summary judgment is appropriate because even assuming that a constitutional violation occurred, Plaintiff has presented no evidence that Derrick *himself* was responsible for the violation. Plaintiff points to Derrick because as a mail clerk he "is responsible for the handling, sorting, receiving, and returning of United States Mail." (Doc. # 1, at 3a). Plaintiff claims that Derrick deprived him of "reasonable [access to the court by] neglecting to locate plaintiff and deliver his 'Legal Mail.'" (Doc. # 1, at 3b). It is undisputed that Derrick had no authority to correct Plaintiff's name with the Department of Corrections. (Doc. # 31, at 21).

Even assuming that Plaintiff suffered a constitutional deprivation by the failure to deliver his mail, there is no evidence that Derrick was the person who failed to deliver the mail in question. In fact, the undisputed evidence shows that Derrick was not the only mail clerk and was not a mail clerk supervisor. (Doc. # 19, Ex. A). Derrick maintains that he is obligated to perform his work in accordance with the Department of Corrections Operating Procedures, which includes the "Dual Names" policy and requires that "[a]ll [incoming and outgoing mail] not meeting the Dual Name (AKA Policy) requirements will be rejected under said Policy." (Docs. # 19, Ex. A, Doc. # 28, Ex. 10, at 2). Nevertheless, as the magistrate judge noted in his report and recommendation, "by plaintiff's own admission, defendant Derrick delivered his legal mail even though plaintiff continued to use the name 'Larry Earl Miller' and refused to use the dual names policy." (Doc. # 31, at 21). Even Plaintiff cannot say that Derrick was the person responsible for the violation he alleges. Thus,

even if a violation occurred, the undisputed evidence reveals only that some unknown person committed the violation, and Plaintiff's claim against Defendant Derrick fails.

Second, even assuming that a violation took place, there is no evidence that Plaintiff suffered an *intentional* deprivation that rises to a constitutional level. Plaintiff claims that his legal mail was twice returned to the sender, the United States District Court for the Middle District of Alabama. The claim that forms the basis of this case relates to returned mail concerning a habeas corpus petition from which Plaintiff alleges he desired to appeal, *Larry Earl Miller v. James DeLoach, et al.*, 1:97-CV-634. Plaintiff's only evidence that the return of his mail was an intentional deprivation is his contention that "the same negligence was executed by [defendant]" on a second occasion when his prison legal mail was returned in March 2000 in the case of *Larry Earl Miller v. James DeLoach, et. al.*, 97-CV-1689.

At best, Plaintiff has presented a case of negligent failure to deliver legal mail to him on two occasions. Other courts have found that occasional incidents of delay or non-delivery of mail do not rise to a constitutional level. *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir.1997); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990). Likewise, mere negligent interference by prison officials with an inmate's right to access to the courts does not state a cause of action under § 1983. *Pink v. Lester*, 52 F.3d 73, 75-76 (4th Cir.1995); *see also Owens v. City of Atlanta*, 780 F.2d 1564, 1566-67 (11th Cir. 1986) (finding that mere negligence is insufficient to establish a due process violation under the Fourteenth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328-332 (1986) (same). Because Plaintiff has not established an intentional constitutional deprivation, summary judgment is appropriate for this alternative reason as well.

Therefore, for all of the reasons articulated by the magistrate judge in his report and recommendation, and because Plaintiff has failed to present a viable § 1983 claim against Derrick for the two reasons above, summary judgment in favor of Derrick is due to be granted.

### B. Claim Against Defendant Ralph Hooks

As noted earlier, although Plaintiff's claim against Defendant Hooks was dismissed on July 16, 2002 (Doc. # 15), it was reinstated on September 29, 2003. (Doc. # 35). This court has reviewed the following documents: (1) the June 12, 2002 report and recommendation (entered by Magistrate Judge Ott) recommending, among other things, dismissal of Defendant Ralph Hooks (Doc. # 10); (2) the July 16, 2002 memorandum opinion (entered by The Late Judge Edwin L. Nelson) dismissing, pursuant to 28 U.S.C. 1915A(b), all claims alleged against Defendant Ralph Hooks (Doc. # 14); and (3) the September 29, 2003 order (entered by Chief Judge U.W. Clemon) reinstating Ralph Hooks as a defendant in this case without further explanation (Doc. # 35). The court, finding no grounds for the reinstatement of Defendant Hooks, and being of the opinion that the dismissal of Defendant Hooks was proper in the first instance, will vacate the September 29, 2003 order reinstating Hooks as a defendant (Doc. # 35) and dismiss Plaintiff's claim against Hooks in this case.

### V. Conclusion

For the reasons stated above, the court finds that the September 29, 2003 order of this court (Doc. # 35) is due to be vacated. Summary judgment in favor of Defendant Derrick is due to be granted. The court finds that no genuine issues of material fact remain for trial as to those claims and that Defendant is entitled to judgment as a matter of law. As to Plaintiff's claim against Defendant Hooks, it is due to be dismissed. A separate order will be entered.

**DONE** and **ORDERED** this ___25th___ day of July, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE